ANTHONY COWELL (AC6348)
ATTORNEY AT LAW
200 POPE AVE.
HAMILTON, NJ 08619
PHONE (609)838-7992
ATTORNEY FOR PLAINTIFFS

---

MELVIN RIVERA, EDISON SOTO,  U.S. DISTRICT COURT
EDNA RIVERA, CARLOS RIVERA,  DISTRICT OF NEW JERSEY
MELISSA CORTES and MCF (a minor) CIVIL ACTION NO.
and MCM (a minor),
TANYA ACEVEDO and TAM (a minor),
GRICEL RIVERA and GRM (a minor), and COMPLAINT
DENISE BERRIOS and DBF (a minor),

  Plaintiffs,

   v.

CITY OF TRENTON,
DETECTIVE PEDRO PEREZ,
POLICE OFFICER MIGUEL A. ACOSTA,
POLICE OFFICER DARYL D. BERRY,
DETECTIVE NOEL SANTIAGO,
DETECTIVE TARA STEFANO,
SERGEANT KOLODZIEJ,
DETECTIVE S. JOHNSON,
IRVING BRADLEY, JR.,
DOUGLAS H. PALMER,
and John Doe, a POLICE OFFICER
for the CITY OF TRENTON,

  Defendants.

---

## NATURE OF ACTION AND JURISDICTION

1. This is a civil action for damages brought pursuant to the
   United States Constitution and 42 U.S.C. § 1983 resulting from
   deprivations, under color of law, of the plaintiffs' rights
   under the Fourth, Fifth, Sixth and Eighth Amendments to the
   United States Constitution.

2. This Court has jurisdiction over these claims pursuant to Article III, Section 1 of the United States Constitution and 28 U.S.C. §§ 1331, 1332 and 1343.  This Court also has pendent jurisdiction to decide the intentional tort claims against the individual police officer defendants.  The amount in controversy exceeds $10,000.00 excluding interest and costs.

3. A timely notice of claim was filed with the defendant City of Trenton.

4. Venue is properly established in this judicial district pursuant to 28 U.S.C. § 1391(B).

## PARTIES

### PLAINTIFF

5. Melvin Rivera is a citizen of the United States and a resident of the State of New Jersey.

6. Edison Soto is a citizen of the United States and a resident of the State of New Jersey.

7. Edna Rivera is a citizen of the United States and a resident of the State of New Jersey.

8. Carlos Rivera is a citizen of the United States and a resident of the State of New Jersey.

9. Melissa Cortes is a citizen of the United States and a resident of the State of New Jersey.

ANTHONY COWELL, ATTORNEY AT LAW
ATTORNEY FOR THE PLAINTIFFS

10. MCF is a minor and the natural born child of Melissa Cortes. MCF is a citizen of the United States and a resident of the State of New Jersey.

11. MCM is a minor and the natural born child of Melissa Cortes. MCM is a citizen of the United States and a resident of the State of New Jersey.

12. Tanya Acevedo is a citizen of the United States and a resident of the State of New Jersey.

13. TAM is a minor and the natural born child of Tanya Acevedo. TAM is a citizen of the United States and a resident of the State of New Jersey.

14. Gricel Rivera is a citizen of the United States and a resident of the State of New Jersey.

15. GRM is a minor and the natural born child of Gricel Rivera. GRM is a citizen of the United States and a resident of the State of New Jersey.

16. Denise Berrios is a citizen of the United States and a resident of the State of New Jersey.

17. DBF is a minor and the natural born child of Denise Berrios. DBF is a citizen of the United States and a resident of the State of New Jersey.

ANTHONY COWELL, ATTORNEY AT LAW
ATTORNEY FOR THE PLAINTIFFS

**DEFENDANT**

18. The City of Trenton was at all times relevant to this lawsuit a governmental entity subject to suit, and was responsible for creating and implementing policies and practices that violated the federal and common law rights of the plaintiffs.

19. Detective Pedro Perez was at all times relevant to this lawsuit a police detective with the Trenton Police Department. The acts of Perez, which are the subject of this lawsuit, were outside the scope of his employment and constituted criminal, fraudulent, willful and malicious conduct.  Upon information and belief, Perez is a citizen of the United States and a resident of the State of New Jersey.

20. Police Officer Miguel A. Acosta was at all times relevant to this lawsuit a police officer with the Trenton Police Department.  The acts of Acosta, which are the subject of this lawsuit, were outside the scope of his employment and constituted criminal, fraudulent, willful and malicious conduct.  Upon information and belief, Acosta is a citizen of the United States and a resident of the State of New Jersey.

21. Police Officer Daryl D. Berry was at all times relevant to this lawsuit a police officer with the Trenton Police Department.  The acts of Berry, which are the subject of this lawsuit, were outside the scope of his employment and

ANTHONY COWELL, ATTORNEY AT LAW
ATTORNEY FOR THE PLAINTIFFS

constituted criminal, fraudulent, willful and malicious conduct. Upon information and belief, Berry is a citizen of the United States and a resident of the State of New Jersey.

22. Detective Noel Santiago was at all times relevant to this lawsuit a police detective with the Trenton Police Department. The acts of Santiago, which are the subject of this lawsuit, were outside the scope of his employment and constituted criminal, fraudulent, willful and malicious conduct.  Upon information and belief, Santiago is a citizen of the United States and a resident of the State of New Jersey.

23. Detective Tara Stefano was at all times relevant to this lawsuit a police detective with the Trenton Police Department. The acts of Stefano, which are the subject of this lawsuit, were outside the scope of her employment and constituted criminal, fraudulent, willful and malicious conduct.  Upon information and belief, Stefano is a citizen of the United States and a resident of the State of New Jersey.

24. Sergeant Kolodziej was at all times relevant to this lawsuit a police sergeant with the Trenton Police Department.  The acts of Kolodziej, which are the subject of this lawsuit, were outside the scope of his employment and constituted criminal, fraudulent, willful and malicious conduct.  Upon information

and belief, Kolodziej is a citizen of the United States and a resident of the State of New Jersey.

25. Detective S. Johnson was at all times relevant to this lawsuit a police detective with the Trenton Police Department. The acts of Johnson, which are the subject of this lawsuit, were outside the scope of his employment and constituted criminal, fraudulent, willful and malicious conduct.  Upon information and belief, Johnson is a citizen of the United States and a resident of the State of New Jersey.

26. Irving Bradley, Jr. was at all times relevant to this lawsuit the Police Director of the Trenton Police Department.  He was responsible for the recruitment, hiring, training, supervising, discipline, control and conduct of the aforementioned defendants.  He was charged with promulgating the orders, rules, instructions, regulations, procedures, customs and policies of the Trenton Police Department, including but not limited to the laws concerning arrest, search, seizure and the appropriate use of force.  He adopted, approved and permitted customs and practices that led to the deprivation of the plaintiffs' civil rights.  Bradley was responsible for setting the policies, practices and customs regarding investigations to identify and correct police misconduct of the kind alleged in this action.  Bradley failed

ANTHONY COWELL, ATTORNEY AT LAW
ATTORNEY FOR THE PLAINTIFFS

to properly investigate the complaints alleging that the defendants had committed misconduct.  Upon information and belief, Bradley is a citizen of the United States and a resident of the State of New Jersey.

27. Mayor Douglas H. Palmer was, at all times relevant to this lawsuit, the chief executive officer of the defendant City of Trenton.  As such, Palmer was responsible for ensuring that the actions undertaken by the aforementioned defendants were consistent with law.  At all times relevant to this lawsuit, Palmer had the power, right and duty to control the manner in which the aforementioned defendants carried out the objectives of their employment and to see that all orders, rules and regulations promulgated for the Trenton Police Department were consistent with law.  Palmer permitted an environment in the Trenton Police Department that permitted the misconduct complained of herein, and a culture whereby defendants were permitted to violate plaintiffs' civil rights with impunity.

## **FACTS**

28. On or about June 13, 2009, the plaintiffs were attending a baby shower at 295 Third St. in Trenton, New Jersey.  The plaintiffs conducted themselves in an appropriate manner and in compliance with all laws and ordinances.

29. Some of the plaintiffs, including Melissa Cortes and her minor children, Tanya Acevedo and her minor child, Carlos Rivera, Denise Berrios and her minor child, Edna Rivera and Edison Soto were inside the residence at 295 Third St.

30. Plaintiffs Carlos Rivera, Melissa Cortes and her minor children reside at 295 Third St.

31. At approximately 11:15 p.m., Carlos Rivera was sitting in the kitchen of his home. Melissa Cortes advised him that members of the Trenton Police Department, in uniform and under color of law, were raiding the house and were beating Edison Soto. Edison Soto can identify these defendants by sight.

32. Carlos Rivera entered the living room, where he witnessed two male police officers choking Edison Soto and punching him in the stomach. Carlos Rivera can identify these officers by sight.

33. Carlos Rivera also witnessed two female police officers, joined by another male police officer, hitting his mother, Edna Rivera, who was situated next to the stairs on the floor. The officers kicked Edna Rivera and used OC spray on her. Carlos Rivera can identify these officers by sight.

34. Carlos Rivera shouted to the defendant officers, "Why are you in my house beating and spraying my family with mace?"

35. Another officer arrested Carlos Rivera, without probable cause and without a warrant, and pushed him up against the living room wall and put him in a choke hold while another officer punched him in the face.  Another officer joined in and pulled Carlos Rivera's hair.  These officers also sprayed Carlos Rivera with OC spray.  Carlos Rivera can identify these defendants by sight.

36. The defendant officers sprayed OC spray on Melissa Cortes and her minor children.  Melissa Cortes can identify these defendants by sight.

37. The defendant officers used OC spray on Denise Berrios and her minor child.  Denise Berrios can identify these defendants by sight.

38. The defendant officers used OC spray on Tanya Acevedo and her minor child.  Tanya Acevedo can identify these defendants by sight.

39. The defendant officers used OC spray on Gricel Rivera and her minor child.  Gricel Rivera can identify these defendants by sight.

40. The defendant officers beat Carlos Rivera as he attempted to protect the children from the beating and OC spray used upon them by the officers.

ANTHONY COWELL, ATTORNEY AT LAW
ATTORNEY FOR THE PLAINTIFFS

41. The defendant officers arrested the adult plaintiffs and dragged them outside in handcuffs.

42. Once outside, the defendant officers continued to beat the adult plaintiffs while they were in handcuffs, and in the presence of the minor plaintiffs.

43. Outside the house, the defendant officers slammed Gricel Rivera's head against a car.

44. Carlos Rivera advised the defendant officers that he suffers from asthma.  In response, the defendant officers shot Carlos Rivera in the face with OC spray.

45. The defendant officers pushed Denise Berrios out of the residence.  She tried to return to the home when she heard her her minor child, a plaintiff in this matter, cry out that the police were beating her.

46. Denise Berrios tried to pull her minor daughter out a window. She advised the defendant officers that children were in the house and were being beaten and maced by the defendant officers.  At this time, the minor child of Denise Berrios collapsed from being beaten and sprayed with OC spray by the defendant officers.

47. Defendant Stefano arrested Denise Berrios, pulled her hair, and said, "Bitch, now you're going to jail!"

48. Another defendant officer assaulted Denise Berrios by grabbing her hair, twisting her arm, and slamming her head against a wall.

49. Defendant Stefano addressed the adult female plaintiffs as "Spics" and "Puerto Rican bitches."

50. While Denise Berrios and her minor daughter were handcuffed and secured in the police car, a defendant female officer pulled grabbed hanks of hair from them and shook their heads from left to right, causing pain and suffering.

51. Denise Berrios and her minor daughter suffered physical and emotional injuries as a result of the conduct of the aforementioned defendants.

52. Edna Rivera was inside the residence when the defendant officers raided the home.  She observed the defendant officers choking and macing Edison Soto, and shouting, "Where are the drugs?"  She then observed the defendant officers rush into the house and spray mace everywhere, including on the children, and beating everyone in their path.

53. Neither drugs nor contraband was were recovered in the house.

54. No drugs or contraband were found in the possession of the plaintiffs.

55. Edna Rivera tried to protect her grandchildren when the defendant officers grabbed her and threw her to the ground.

Edna Rivera screamed, "Stop, stop, these are my grandkids!" Defendants smashed her face against the ground and maced her in the face.  She could not breathe.

56. The defendants transported Edna Rivera to headquarters, where she collapsed.

57. Edna Rivera suffered physical and mental injuries as a result of the conduct of the aforementioned defendants.

58. Across the street from the residence, Melvin Rivera observed the defendant officers beating and macing his family.  The children were screaming in pain from being beaten and maced.  Melvin Rivera observed the officers slam an eight year old child onto the sidewalk.

59. Melvin Rivera advised defendant Perez, "Please stop, this is just a baby shower, stop beating and macing my family!  These are just children and pregnant women!"

60. Defendant Perez responded, "Shut the fuck up or you'll get arrested, too."  Melvin Rivera replied, "But there's no reason for you to arrest me.  I'm trying to tell you that the children are in danger, they are being maced and stomped on by the officers!"

61. Perez grabbed Melvin Rivera and arrested him while other officers stomped him to the ground, and kicked him in the head.

62. In the presence of the children, an African American officer, also a defendant, pointed a shotgun at Melvin Rivera and Edison Soto who, at the time, were restrained in handcuffs.

63. Melvin Rivera suffered physical and mental injuries as a result of the conduct of the aforementioned defendants.

64. Melvin Rivera can identify these defendants by sight.

65. Melissa Cortes explained to the defendants that this was her home, and stated, "Why have you invaded my home and beat and maced my family!"

66. The defendants responded, "This is not Puerto Rico, we don't owe you an explanation."

67. A female defendant pushed Melissa Cortes on top of a fish tank. Another defendant grabbed Melissa Cortes's minor child, and slammed him against the wall repeatedly.

68. A female defendant grabbed Melissa Cortes's minor daughter, and slammed her face into the steps.

69. Another defendant ground his boot into the face of the minor child of Tanya Acevedo, in order to keep him on the ground. The minor child is two years of age.

70. Defendants then ripped the house apart in an apparent search for contraband. No contraband was recovered.

71. Defendants grabbed Tanya Acevedo and slammed her against the wall, pulled her hair and maced her. Defendants slammed her

ANTHONY COWELL, ATTORNEY AT LAW
ATTORNEY FOR THE PLAINTIFFS

on the couch, on top of several sleeping children, while
spraying OC spray on her and the children.

72. She stated, "Please stop, why are you macing the children?"
A defendant responded, "I don't give a fuck, bitch."  Another
defendant stepped on her minor child's face with his boot.
The minor child gasped for air as the officer again maced the
child, blocking the child's airway with his boot.

73. The minor child had been strapped into his car seat and had
been sleeping when the officers raided the home.

74. Defendants arrested Tanya Acevedo, and placed her in the rear
of a police vehicle. She screamed, "What about my child?"
Defendant Stefano replied, "Shut up, bitch," and OC sprayed
her in the face, despite the fact that she was secured and in
handcuffs in the back of the police car.

75. At the police station, Tanya Acevedo expressed her concern
for her mother, Edna Rivera.  Defendant Stefano responded, "I
don't give a fuck."  Another defendant told her, "Shut the
fuck up, because I beat bitches, too."

76. Tanya Acevedo suffered physical and mental injuries as a
result of the conduct of the aforementioned defendants.

77. The aforementioned plaintiffs filed written complaints with
the Trenton Police Department.  No investigation was

undertaken.  The Trenton Police Department never interviewed plaintiffs.

78. The defendants City of Trenton, the Mayor, and the Police Director, through their failure to train the police officer defendants in the proper use of force and the law of arrest, search and seizure, their failure to supervise the defendant officers, and their failure to investigate the plaintiffs' complaints, have established a policy and custom of allowing, condoning and not prosecuting the illegal acts of the defendant police officers which resulted in violations of the rights of the plaintiffs.

79. The police officer defendants, through their direct action in assaulting, falsely arresting, holding and charging plaintiffs, violated their rights under the Fourth, Fifth, Sixth and Eighty Amendments to the United States Constitution and under the common law of the State of New Jersey.

<u>**COUNT ONE**</u>

79. The preceding paragraphs are adopted and incorporated by reference.

80. Acting under color of law and the authority of the City of Trenton, the defendant police officers intentionally and with complete and deliberate indifference for the plaintiffs' rights:

a. used a degree of force that was unreasonable and unwarranted under the circumstances;

b. effected searches, seizures and arrests without reasonable suspicion, probable cause and in the absence of exigency;

c. subjected the plaintiffs to punishment without the benefit of a trial;

d. Deprived the plaintiffs of their liberty by subjecting them to unwarranted and unreasonable restraints on their persons without due process in violation of their rights under the Fourth and Fifth Amendments.

81. Defendants City of Trenton, the Police Director and the Mayor, under color of law, caused the plaintiffs to be deprived of their constitutional rights including but not limited to the Fourth, Fifth, Sixth and Eighth Amendments by:

a. failing to supervise the training and conduct of defendant police officers;

b. failing to enforce the Constitution of the United States concerning the use of force by members of the Trenton Police Department;

c. failing to enforce the Constitution of the United States concerning the law of arrest, search and seizure;

d. promulgating and issuing a police manual that was violative of the plaintiffs' rights and/or was not followed by the

Trenton Police Department, resulting in the plaintiffs'
injuries.

82. The plaintiffs' injuries and deprivations of constitutional
rights were caused by defendant police director's:

a. inadequate supervision of the training and conduct of the
Trenton Police Department;

b. failure to enforce the plaintiffs' rights under the Fourth,
Fifth, Sixth and Eighth Amendments of the Constitution of
the United States;

c. issuance of vague, confusing, and contradictory policies
concerning the use of force that violated the plaintiffs'
rights under the Fourth, Fifth, Sixth and Eighth Amendments
of the United States Constitution.

d. under color of law, authorized, permitted, and tolerated
the custom and practice of the unconstitutional and
excessive use of force by members of the Trenton Police
Department and, in particular by defendant police officers,
by failing:

i. to appoint, promote, train and supervise members of the
Trenton Police Department to prevent the violations
complained of herein;

ii. to ensure the fair and evenhanded application of the
law;

ANTHONY COWELL, ATTORNEY AT LAW
ATTORNEY FOR THE PLAINTIFFS

  iii. to protect the plaintiffs' rights pursuant to the Fourth, Fifth, Sixth and Eighth Amendments;

  iv. to promulgate procedures and policies for the use of force and OC spray that were consistent with the Forth, Fifth, Sixth, and Eighth Amendments of the Constitution; and

  v. to address, investigate and eliminate the policy and custom of using unreasonable and excessive force by the Trenton Police Department and the police officer defendants, which failure to act thereby affirmed the deprivation of the plaintiffs' rights under the Fourth, Fifth, Sixth and Eighth Amendments; and

  vi. investigate the plaintiffs' complaints.

83. The plaintiffs' injuries and deprivations of constitutional rights were caused by The City of Trenton's and the Mayor's failure to implement the protections of the Fourth, Fifth, Sixth and Eighth Amendments and by their failure to properly train, supervise, and discipline the police officer defendants regarding their violations of the plaintiffs' rights in this case.

84. The City of Trenton, the Mayor, and the police director permitted and condoned a culture of lawlessness within the Trenton Police Department, which included the failure to

investigate the plaintiffs' complaints concerning the police officer defendants.  This culture of lawlessness encouraged the conduct alleged above, resulting in harm to the plaintiffs.

## COUNT TWO

85. The preceding paragraphs are adopted and incorporated by reference.

86. Defendant police officers, in using unreasonable and excessive force against the plaintiffs, acted in an extreme and outrageous manner, intentionally and with reckless disregard for the plaintiffs' welfare, inflicted severe emotional distress on the plaintiffs.

## COUNT THREE

87. The preceding paragraphs are adopted and incorporated by reference.

88. Defendant police officers' actions constituted aggravated assault.

89. At the time of the aggravated assault, defendant police officers were wearing their uniforms, were armed with handguns, and were acting under color of law.

90. In committing the aggravated assault against the plaintiffs, defendant police officers abused the authority granted to them by the City of Trenton.

91. Defendant police officers caused physical and emotional injuries to the plaintiffs, and are liable to the plaintiffs for their conduct.

## COUNT FOUR

92. The preceding paragraphs are adopted and incorporated by reference.

93. Defendant police officers unlawfully detained plaintiffs against their will, without probable cause.  At the time of the detention, defendant police officers were in uniform, armed with handguns, and were acting under color of law.

94. Defendant police officers restrained and detained plaintiffs without reasonable suspicion and/or probable cause, and therefore falsely imprisoned them.

95. Defendant police officers caused physical and emotional injuries to the plaintiffs, and are liable to the plaintiffs for their conduct.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray that this Court:

A. Award the plaintiffs compensatory damages in an amount not less than $1,000,000.00, jointly and severally against the defendants for the matters alleged in this Complaint;

B. Award punitive damages in an amount determined by the Court to be just and proper in order to deter the conduct complained of herein;

C. Award reasonable costs and attorneys fees;

D. Enjoin and restrain the defendants from their pattern, practice, custom and policy of violating the rights of the citizens of the City of Trenton; and

E. Grant such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

The plaintiffs hereby demand a trial by jury in this action for all issues so triable.


Dated:                              Anthony Cowell
                                    Attorney for the Plaintiffs



_____