File No. 15108-0002-JBD
**PARKER McCAY P.A.**
**9000 Midlantic Drive, Suite 300**
**P.O. Box 5054**
**Mount Laurel, New Jersey  08054**
**(856) 596-8900**
Attorneys for Defendant(s), City of Trenton, Detective Pedro Perez, Police Officer Miguel A. Acosta, Police Officer Daryl D. Berry, Detective Noel Santiago, Detective Tara Stefano, Sergeant Kolodziej and Detective S. Johnson

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELVIN RIVERA, EDISON SOTO, EDNA RIVERA, CARLOS RIVERA, MELISSA CORTES AND MCF (a minor) and MCM (a minor), TANYA ACEVEDO and TAM ( a minor), GRICEL RIVERA and GRM (a minor), and DENISE BERRIOS and DBF (a minor),<br><br>      Plaintiff(s),<br>v.<br><br>CITY OF TRENTON, DETECTIVE PEDRO PEREZ, POLICE OFFICE MIGUEL A. ACOSTA, POLICE OFFICE DARYL D. BERRY, DETECTIVE NOEL SANTIAGO, DETECTIVE TARA STEFANO, SERGEANT KOLOLDZIEJ, DETECTIVE S. JOHNSON, IRVING BRADLEY, JR., DOUGLAS H. PALMER, and John Doe, a POLICE OFFICER for the CITY OF TRENTON,<br><br>      Defendant(s). | HONORABLE PETER G. SHERIDAN<br><br>CIVIL ACTION NO. 3:11-cv-02559–PGS-LHG<br><br><br><br>**ANSWER, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL** |

Defendants, Detective Pedro Perez, Police Officer Miguel A. Acosta, Police Officer Daryl D. Berry, Detective Noel Santiago, Detective Tara Stefano, Sergeant Kolodziej and Detective S. Johnson, by way of answer to the Complaint filed herein, say that:

## NATURE OF ACTION AND JURISDICTION

1. The allegations contained in this paragraph of the Complaint state a legal conclusion, and, therefore, no response is required.

2. The allegations contained in this paragraph of the Complaint state a legal conclusion, and, therefore, no response is required.

3. The allegations contained in this paragraph of the Complaint state a legal conclusion, and, therefore, no response is required.

4. The allegations contained in this paragraph of the Complaint state a legal conclusion, and, therefore, no response is required.

## PARTIES

## PLAINTIFF

5. Answering defendants are without sufficient knowledge to admit or deny allegations contained in this paragraph of the Complaint, and, therefore, leave plaintiffs to their proofs.

6. Answering defendants are without sufficient knowledge to admit or deny allegations contained in this paragraph of the Complaint, and, therefore, leave plaintiffs to their proofs.

7. Answering defendants are without sufficient knowledge to admit or deny allegations contained in this paragraph of the Complaint, and, therefore, leave plaintiffs to their proofs.

8. Answering defendants are without sufficient knowledge to admit or deny allegations contained in this paragraph of the Complaint, and, therefore, leave plaintiffs to their proofs.

9. Answering defendants are without sufficient knowledge to admit or deny allegations contained in this paragraph of the Complaint, and, therefore, leave plaintiffs to their proofs.

10. Answering defendants are without sufficient knowledge to admit or deny allegations contained in this paragraph of the Complaint, and, therefore, leave plaintiffs to their proofs.

11. Answering defendants are without sufficient knowledge to admit or deny allegations contained in this paragraph of the Complaint, and, therefore, leave plaintiffs to their proofs.

12. Answering defendants are without sufficient knowledge to admit or deny allegations contained in this paragraph of the Complaint, and, therefore, leave plaintiffs to their proofs.

13. Answering defendants are without sufficient knowledge to admit or deny allegations contained in this paragraph of the Complaint, and, therefore, leave plaintiffs to their proofs.

14. Answering defendants are without sufficient knowledge to admit or deny allegations contained in this paragraph of the Complaint, and, therefore, leave plaintiffs to their proofs.

15. Answering defendants are without sufficient knowledge to admit or deny allegations contained in this paragraph of the Complaint, and, therefore, leave plaintiffs to their proofs.

16. Answering defendants are without sufficient knowledge to admit or deny allegations contained in this paragraph of the Complaint, and, therefore, leave plaintiffs to their proofs.

17. Answering defendants are without sufficient knowledge to admit or deny allegations contained in this paragraph of the Complaint, and, therefore, leave plaintiffs to their proofs.

## **DEFENDANTS**

18. It is admitted that the City of Trenton is a political subdivision of the State of New Jersey; the remaining allegations of this paragraph of the Complaint are denied.

19. It is admitted that Detective Pedro Perez was at all times relevant to this lawsuit a police detective with the Trenton Police Department; the remaining allegations of this paragraph of this Complaint are denied.

20. It is admitted that Officer Acosta was at all times relevant to this lawsuit a police officer with the Trenton Police Department; the remaining allegations of this paragraph of this Complaint are denied.

21. It is admitted that Officer Berry was at all times relevant to this lawsuit a police officer with the Trenton Police Department; the remaining allegations contained in this

paragraph of the Complaint are denied.

22. It is admitted that Detective Noel Santiago was at all times relevant to this lawsuit a detective with the Trenton Police Department; the remaining allegations contained in this paragraph of the Complaint are denied.

23. It is admitted that Detective Stefano was at all times relevant to this lawsuit a detective with the Trenton Police Department; the remaining allegations contained in this paragraph of the Complaint are denied.

24. It is admitted that Sergeant Kolodziej was at all times relevant to this lawsuit a police officer with the Trenton Police Department; the remaining allegations contained in this paragraph of the Complaint are denied.

25. It is admitted that Detective Johnson was at all times relevant to this lawsuit a detective with the Trenton Police Department; the remaining allegations contained in this paragraph of the Complaint are denied.

26. It is admitted that Irving Bradley, Jr. was at all times relevant to this lawsuit the Director of the Trenton Police Department; the remaining allegations contained in this paragraph of this Complaint are denied.

27. It is admitted that Douglas H. Palmer was at all time relevant to this lawsuit the Mayor of the City of Trenton; the remaining allegations contained in this paragraph of this Complaint are denied.

## **FACTS**

    28.    Denied.

    29.    Defendants do not have sufficient information from which to admit or deny the allegations contained in this paragraph of the Complaint, and, therefore, leave plaintiffs to their proofs.

    30.    Defendants do not have sufficient information from which to admit or deny the allegations contained in this paragraph of the Complaint, and, therefore, leave plaintiffs to their proofs.

    31.    Denied.

    32.    Denied.

    33.    Denied.

    34.    Denied.

    35.    Denied.

    36.    Denied.

    37.    Denied.

    38.    Denied.

    39.    Denied.

    40.    Denied.

    41.    Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Defendants do not have sufficient information from which to admit or deny the allegations contained in this paragraph of the Complaint, and, therefore, leave plaintiffs to their proofs.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Defendants do not have sufficient information from which to admit or

deny the allegations contained in this paragraph of the Complaint, and, therefore, leave plaintiffs to their proofs.

      74.      Denied.

      75.      Denied.

      76.      Denied.

      77.      Denied.

      78.      Denied.

      79.      Denied.

## **COUNT ONE**

      79.      Answering defendants repeat and reassert the responses to the preceding paragraphs as set forth herein.

      80.      Denied.

      81.      Denied.

      82.      Denied.

      83.      Denied.

      84.      Denied.

## COUNT TWO

85. Answering defendants repeat and reassert the responses to the preceding paragraphs as set forth herein.

86. Denied.

## COUNT THREE

87. Answering defendants repeat and reassert the responses to the preceding paragraphs as set forth herein.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

## COUNT FOUR

92. Answering defendants repeat and reassert the responses to the preceding paragraphs as set forth herein.

93. Denied.

94. Denied.

95. Denied.

**PRAYER FOR RELIEF**

A – E.    Denied.

**DESIGNATION OF TRIAL COUNSEL**

Please take notice the J. Brooks DiDonato, Esquire is herewith designated as trial counsel.

These answering defendants demand a trial by jury

**FIRST SEPARATE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against answering defendants.

**SECOND SEPARATE DEFENSE**

The Complaint is barred by the provisions of the New Jersey Tort Claims Act, <u>N.J.S.A.</u> 59:1-1, et seq.

**THIRD SEPARATE DEFENSE**

Answering defendants breached no duty owed to the plaintiffs.

**FOURTH SEPARATE DEFENSE**

Answering defendants were free from any breach of duty owed to the plaintiffs.

**FIFTH SEPARATE DEFENSE**

Any injury or damages sustained by the plaintiffs were caused through the sole fault, negligence, carelessness or recklessness of the plaintiffs herein.

### SIXTH SEPARATE DEFENSE

Any injuries or damages sustained by the plaintiffs were caused through the sole negligence of a third party or parties over whom answering defendants exercise no control.

### SEVENTH SEPARATE DEFENSE

Any liability which might otherwise be imposed upon defendants must be reduced by the application of the standard of comparative negligence mandated by N.J.S.A. 59:9-4.

### EIGHTH SEPARATE DEFENSE

Answering defendants are immune from liability pursuant to the provisions of N.J.S.A. 59:2-1.

### NINTH SEPARATE DEFENSE

Answering defendants are not liable to the plaintiffs in that there is no liability upon any public entity pursuant to the provisions of N.J.S.A. 59:2-2(b).

### TENTH SEPARATE DEFENSE

Any action or failure to act on part of the answering defendants is in the nature of a discretionary activity within the meaning of N.J.S.A. 59:2-3, and, as such, no liability may be imposed upon defendants.

### ELEVENTH SEPARATE DEFENSE

This claim is barred by the provisions of N.J.S.A. 59:2-3(b) to the extent that it charges legislative and administrative action or inaction.

### TWELFTH SEPARATE DEFENSE

Answering defendants are immune from liability pursuant to the provisions of N.J.S.A. 59:3-2.

### THIRTEENTH SEPARATE DEFENSE

Plaintiffs failed to file a Notice of Claim within the time required by N.J.S.A. 59:8-8 or to move, within one year from the accrual of the cause of action, for an Order permitting the filing of a late Notice of Claim, pursuant to N.J.S.A. 59:8-9.

### FOURTEENTH SEPARATE DEFENSE

The claims that plaintiffs may be barred pursuant to the provisions of N.J.S.A. 59:9-2(d) in that they have not suffered the requisite medical expense nor permanent loss of a bodily function or permanent disfigurement or dismemberment required under that subsection of the statute.

### FIFTEENTH SEPARATE DEFENSE

Any recovery to which plaintiffs might otherwise be entitled is subject to reduction in accordance with the limitation of damages provided in N.J.S.A. 59:9-2.

### SIXTEENTH SEPARATE DEFENSE

The negligence of plaintiffs is greater than that of the negligence, if any, by defendants, and they are, therefore barred from recovery pursuant to the provisions of N.J.S.A. 59:9-4.

### SEVENTEENTH SEPARATE DEFENSE

Negligence, if any, on the part of the answering defendants is not the proximate cause of any damages or injuries which may have been sustained by the plaintiffs.

### EIGHTEENTH SEPARATE DEFENSE

Answering defendants liability and duty of contribution as a joint tortfeasor, jointly and severally liable with any other tortfeasors of the plaintiff extends only to the damages provided pursuant to N.J.S.A. 59:9-3.

### NINETEENTH SEPARATE DEFENSE

Plaintiffs claims as set forth in the Complaint should be dismissed by this Court for lack of subject matter jurisdiction.

### TWENTIETH SEPARATE DEFENSE

Plaintiffs' Complaint must be dismissed because at all times relevant to the allegations contained therein answering defendants acted properly within the scope of their duties and responsibilities.

### TWENTY-FIRST SEPARATE DEFENSE

Answering defendants herein at all times acted in accordance with and pursuant to the Constitutions of both the United States of America and the State of New Jersey.

### TWENTY-SECOND SEPARATE DEFENSE

Answering defendants are accorded absolute and qualified immunity for the acts alleged.

### TWENTY-THIRD SEPARATE DEFENSE

Answering defendants did not know, and could not reasonably be expected to know, that any actions taken by them with respect to plaintiffs were in violation of plaintiffs' rights, and, accordingly, answering defendants are immune from the imposition of monetary damages.

### TWENTY-FOURTH SEPARATE DEFENSE

This action is subject to the limitations of N.J.S.A. 59:9-2(c), which bars judgments against public entities for punitive or exemplary damages.

### TWENTY-FIFTH SEPARATE DEFENSE

Plaintiffs have failed to exhaust their administrative remedies, and, therefore, are barred from any recovery against answering defendants in this Court.

### TWENTY-SIXTH SEPARATE DEFENSE

Plaintiffs have not been deprived of any rights guaranteed under the Constitutions and/or laws of the United States of America or the State of New Jersey as the result of any alleged act or omission by the answering defendants.

### TWENTY-SEVENTH SEPARATE DEFENSE

Answering defendants plead the defense of municipal immunity.

### TWENTY-EIGHTH SEPARATE DEFENSE

At all time relevant to the events alleged in plaintiffs' Complaint, answering defendants acted in good faith and appropriately under the law.

### TWENTY-NINTH SEPARATE DEFENSE

Plaintiffs claims lack merit, are frivolous in nature and should be stricken, and, as such, answering defendants are entitled to damages under the Federal Rules of Civil Procedure, the New Jersey State Rules of Civil Procedure and the New Jersey Frivolous Lawsuit Act.

### THIRTIETH SEPARATE DEFENSE

Plaintiffs claims are time barred as the applicable Statute of Limitations have already run.

### THIRTY-FIRST SEPARATE DEFENSE

Answering defendants reserve the right to interpose such other separate and/or affirmative defenses as continuing investigation and discovery may disclose.

### DESIGNATION OF TRIAL COUNSEL

Please take notice that J. Brooks DiDonato is herewith designated as trial counsel.

## JURY DEMAND

This answering defendant demands a trial by jury.

                              BY: *S/J. BROOKS DIDONATO*
                                    J. BROOKS DIDONATO
                                    Attorney for Defendant(s), City of Trenton, Detective Pedro Perez, Police Officer Miguel A. Acosta, Police Officer Daryl D. Berry, Detective Noel Santiago, Detective Tara Stefano, Sergeant Kolodziej and Detective S. Johnson

Dated: October 6, 2011